# Kelley *versus* Dodge Manufacturing Company.

In an action brought in the Common Pleas, the plaintiff averred in his affidavit filed, " that his claim and demand exceeded $100." *Held*, that this averment was not a compliance with section 26, of the Act of March 20th 1810, and the verdict being for a sum less than $100, judgment should be entered without costs.

March 21st 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, PAXSON, WOODWARD and TRUNKEY, JJ. GORDON, J., absent.

Error to the Court of Common Pleas of *Wyoming county:* Of January Term 1878, No. 218.

Assumpsit by the Dodge and Stevenson Manufacturing Company against James Kelley, to recover the price of a mowing-machine.

The plaintiff filed a statement, wherein he charged the defendant with "one No. 2 Ohio and Buckeye Mower, $110," and filed an affidavit " that his claim and demand exceeded $100." The verdict at the trial was for $48.08 for plaintiff, whereupon the defendant took a rule to show cause why judgment should not be entered without costs, on the ground that the affidavit did not comply with the requirements of section 26 of the Act of March 20th 1810, inasmuch as the affidavit did not aver that " the debt due or damages sustained"

[Kelley *v.* Dodge Manufacturing Co.]

exceeded $100, but simply that his claim exceeded that amount. The court, Ingham, P. J., discharged the rule and entered judgment for plaintiff with costs. The defendants assigned this action for error.

*Sittser*, *Harding* and *P. M. Osterhout*, for plaintiff in error.

*W. E. & C. A. Little*, for defendant in error.

Mr. Justice TRUNKEY delivered the opinion of the court, April 1st 1878.

Section 26, Act of 1810, provides that if any person shall commence suit for a debt or demand, made cognisable by said act by a justice of the peace, in any other manner than directed by said act, and shall obtain a verdict or judgment, without costs, for not more than $100, not having made and filed an affidavit that he "did truly believe the debt due or damages sustained" exceeded $100, he shall not recover costs in such suit: Purd. Dig. 848, pl. 31. Without perjury, no one can take the statutory oath, unless he believes the sum justly and legally due him exceeds $100. If his suit be for damages for breach of contract, his statement or declaration may demand far more than the sum necessary to recompense him for the injury. If for debt his statement may claim more than legally can be exacted. When the oath is made in the words of the statute, or in equivalent words, there is no uncertainty of meaning, and every one, learned or unlearned in the law, understands the affiant as intending the very sum due and owing.

Here, the plaintiff in his affidavit says, "that his claim and demand" exceed $100. This positive assertion may be as strong as if he said he truly believed they exceeded that sum, or even stronger. Hence the departure from the statute is noticeable, and it is at once seen that the words "claim and demand" are not necessarily equivalent to the words "debt due or damages sustained." Claim is often used to signify the right or title to a debt or to damages, and quite as often means "a demand of a right or supposed right, a calling on another for something due or supposed to be due." So demand may signify the amount claimed to be due, or "the asking or seeking for what is due or claimed to be due." The affiant, if questioned after the verdict for less than $50, could well respond that he claimed in his statement more than $100. But if it be doubtful that he could fairly make such response—if his affidavit could be construed to mean the debt itself, or to mean the claim for the debt or the supposed debt—the statute was not complied with. This evasive affidavit should have been treated as a nullity.

The order that the plaintiff recover costs is reversed and set aside; and judgment upon the verdict affirmed, without costs.